UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREA PETERSON                                         CIVIL ACTION

VERSUS                                                  NO. 13-0933-KDE-SS

WELLPOINT, INC., et al

### ORDER

PLAINTIFF'S MOTION FOR OVER LENGTH DOCUMENT (Rec. doc. 66)

**GRANTED IN PART AND DENIED IN PART**

PLAINTIFF'S MOTION FOR CLARIFICATION, DEFICIENCY NOTICE (Rec. doc. 68)

**GRANTED IN PART AND DENIED IN PART**

I.   **January 21, 2014 Report and Recommendation**.

On January 21, 2014, a report and recommendation was issued on the motions of the defendants. It was recommended that the motions of all of the defendants, except the Center for Restorative Breast Surgery ("Center"), be granted. As to the Center, it was recommended that all claims against it be dismissed except the claim of the plaintiff, Andrea Peterson, for breach of contract. Rec. doc. 55. The Center filed an objection to the January 21, 2014 Report and Recommendation. Rec. doc. 63.

On February 11, 2014, Ms. Peterson filed an objection which was captioned "Plaintiff Motion in Opposition to Magistrate Report and Recommendations." It was 51 pages long. Rec. doc. 64. She included a motion for over length document with a proposed order. Rec. doc. 64 (Attachments 14 and 15).

On February 12, 2014, Ms. Peterson's motion for over length document was granted in part and denied in part. Her objection to the January 21, 2014 Report and Recommendation was

limited to 30 pages. Her deadline for filing the objection was extended to Friday, February 21, 2014. Rec. doc. 65. The document filed on February 11, 2014 and captioned "Plaintiff Motion in Opposition to Magistrate Report and Recommendations" is deficient and it is not pending before the District Judge.

On February 14, 2014, Ms. Peterson filed a motion for over length brief. Rec. doc. 66. Part of the relief sought in this motion is to increase the page limit for her objection to the January 21, 2014 Report and Recommendation to 40 pages. The request is denied.

**Ms. Peterson's objection to the January 21, 2014 Report and Recommendation shall not exceed 30 pages, exclusive of exhibits, and the deadline for her objection is <u>Friday, February 21, 2014</u>.**

\*   \*   \*

II.    <u>January 31, 2014 Report and Recommendation</u>.

On January 27, 2014, Ms. Peterson filed a pleading captioned as "Emergency Motion for Temporary Restraining Order, and for Preliminary Injunction." Rec. doc. 57. On January 31, 2014, it was recommended that Ms. Peterson's motion be denied without prejudice. Rec. doc. 61.

On February 14, 2014, Ms. Peterson filed a motion for over length document. She requested that the page limit for her objection to the January 31, 2014 Report and Recommendation be extended to 25 pages. The Local Rules permit Ms. Peterson to file a memorandum not to exceed 25 pages in length, exclusive of exhibits. The February 14, 2014 motion for over length document is granted in part.

On February 14, 2014, Ms. Peterson filed "Plaintiff Objection to Magistrate Judge Shushan's Report Recommendation, Plaintiff Emergency Motion for Injunctive Relief." Rec.

doc. 67. It is 23 pages, exclusive of exhibits. The pleading state, "[p]laintiff submits this opposition to Magistrate RR, Dkt. No. 57" Rec. doc. 67 at 1. Ms. Peterson has submitted her objection to the January 31, 2014 Report and Recommendation.

* * *

**III.     Plaintiff Motion for Clarification, Deficiency Notice**.

On February 16, 2014, Ms. Peterson filed "Plaintiff Motion for Clarification, Deficiency Notice." Rec. doc. 68.

In paragraph 3, Ms. Peterson restates her request for an increase from 30 pages to 40 pages for her objection to the January 21, 2014 Report and Recommendation. The request is denied.

In paragraph 4, Ms. Peterson refers to a deficiency notice that stated she used an improper heading. In paragraph 6, she asks how the pleading should be headed. She can ignore the notice of deficiency. The heading on her pleading is satisfactory.

In paragraphs 7, 8 and 9, Ms. Peterson raises questions concerning the deficiency notice. For example, in paragraph 7 she states that she does not know what "Section" means. Inasmuch as she can ignore the deficiency notice, no response is required to the questions raised in paragraphs 7, 8 and 9.

In paragraph 10, Ms. Peterson requests clarification as to whether there is a different standard for her than other parties in the case. Ms. Peterson, as a pro se litigant, is not being held to the same standard as the other parties.

In paragraphs 13 and 14, Ms. Peterson refers to court bias. Ms. Peterson must raise this issue by a motion to recuse.

IT IS ORDERED that:

(1) Ms. Peterson's motion for over length document (Rec. doc. 66) is GRANTED in PART and DENIED in PART as provided herein.

(2) Ms. Peterson's motion for clarification (Rec. doc. 68) is GRANTED in PART and DENIED in PART as provided herein.

(3) The clerk is to accept the pleadings with the headings Ms. Peterson is using.

New Orleans, Louisiana, this 18th day of February, 2014.

**SALLY SHUSHAN**
**United States Magistrate Judge**